IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| J'VAN HOWARD | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv11 |
| ANTHONY R. MCKAMIE | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff J'Van Howard, formerly an inmate at the Eastham Unit, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit against Anthony R. McKamie, a sergeant at the Eastham Unit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e) as frivolous based on limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report and as set forth below in this Order, plaintiff's complaint should be dismissed.

Plaintiff objects to the recommendation for dismissal of this action as frivolous. However, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). As the Magistrate Judge found in his Report, dismissal of this action as frivolous is appropriate because it is barred by the applicable two-year limitations. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (where it is clear that the claims asserted are barred by the applicable statute of limitations, dismissal under § 1915 is proper); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Accordingly, plaintiff's objection is without merit.

Additionally, plaintiff asserts that he is entitled to tolling of the limitations period while he exhausted his administrative remedies through the inmate grievance procedure. The applicable statute of limitations is tolled during the pendency of plaintiff's administrative remedies. *See Harris v. Hegmann*, 198 F. 3d 153, 158 (5th Cir. 1999). However, plaintiff's complaint remains barred by the two year limitations period.

In this case, plaintiff complains defendant McKamie made him move to a new housing location on September 23, 2014. Plaintiff claims he was subsequently assaulted by other inmates on September 27, 2014. Therefore, plaintiff's cause of action accrued on September 27, 2014, at the latest. Thus, the two-year limitations period expired on September 27, 2016, absent any tolling.

Plaintiff initiated the inmate grievance procedure by filing his Step 1 grievance on September 29, 2014. The grievance was denied on November 7, 2014. Plaintiff then filed his Step 2 grievance on December 13, 2014. A response was issued to plaintiff's Step 2 grievance on January 7, 2015, concluding the grievance process. Accordingly, even affording plaintiff the benefit of tolling for the entire period from the date on which his administrative remedies were initiated through the date on

which they were concluded, 98 days, the limitations period expired on January 3, 2017, at the latest. As plaintiff's complaint was not filed until January 24, 2017, the complaint is barred by limitations.[1]

Petitioner also argues that he did not receive notice of the response to his Step 2 grievance until January 20, 2015. However, the Fifth Circuit has held that it is the "pendency" of grievances that tolls the limitations period. *See Edwards v. Miller*, 385 F. App'x 405 (5th Cir. 2010); *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). In *Anderson v. Livingston*, 394 F. App'x 132, 2010 WL 3516720 (5th Cir. 2010), a civil rights action applying the Texas two-year limitations period, the Fifth Circuit stated the following:

> [Plaintiff's] final grievance was denied on 28 August 2007, and he did not sign his complaint until 29 August 2009; thus, more than two years passed after his grievance was decided and before he could have handed his complaint to a prison official for mailing. His claim was time-barred even if, as he alleges, he did not receive notice of the denial until 4 September 2007. *See Phillips v. Donnelly*, 216 F.3d 508, 511 n.3 (5th Cir. 2000) (holding matter was no longer 'pending' where it 'was decided and settled, regardless of whether [appellant] had notice of the denial on that date').

The same rule applies in this case. Plaintiff's grievance ceased to be "pending" when it was decided on January 7, 2015, regardless of whether plaintiff had notice on that date. Accordingly, plaintiff's complaint filed on January 24, 2017 is untimely.

Finally, to the extent plaintiff's claim that he did not receive notice of the decision in his Step 2 grievance until January 20, 2015 can be interpreted as a request for equitable tolling,

---

[1] A prisoner's complaint is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying the rule of *Houston v. Lack*, 487 U.S. 266 (1978), to a prisoner's complaint). Here, however, while plaintiff dated the complaint as being executed on January 18, 2017, he did not certify the date on which he delivered the complaint to prison officials for mailing to the court. A prisoner cannot benefit from the prison mailbox rule absent certification of when the pleading was tendered to prison officials for delivery to the court. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (denying mailbox rule in § 2255 proceeding). Further, it is the prisoner's burden to show when his pleading was tendered to prison officials for delivery to the court. *See id.* A prisoner's failure to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail does not constitute compliance with the standard for the mailbox rule and does not entitle the submission to the benefits of the rule. *Medley v. Thaler*, 660 F.3d 833, 837 (5th Cir. 2011); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993). Accordingly, while not determinative of the outcome in this case, plaintiff is not entitled to the benefit of the mailbox rule.

plaintiff's request is without merit. The doctrine of equitable tolling is applied restrictively and is entertained only in cases presenting "rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted). A party's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the party's own making do not qualify. *See Felder v. Johnson,* 204 F.3d 168, 174 (5th Cir. 2000) ("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time"). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling." *United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (internal citations omitted). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir.1999).

Here, plaintiff's complaint is absent any allegations that exceptional circumstances existed to potentially warrant the application of equitable tolling. Further, plaintiff has failed to allege or demonstrate he diligently pursued his claims. Plaintiff has made no attempt to explain the almost two-year delay in this case between the time he claims he received notice of the disposition of his grievances and the filing of his complaint. Accordingly, plaintiff is not entitled to equitable tolling, and his lawsuit is barred by limitations.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** **February 11, 2020.**

　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　Ron Clark, Senior District Judge